# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-02769-FLA-JC | Date | May 8, 2023 |
|---|---|---|---|
| Title | Schelton Jones v. People of Ca. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| none present | none present |

**Proceedings:**   (IN CHAMBERS)  **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

On May 13, 2022, in United States District Court for the Central District of California case no. 22-3418-FLA (JC) ("Jones I"), Plaintiff filed a one-page Complaint that, without specifying the relief sought or the grounds for such relief, stated Plaintiff had recently appeared before the Los Angeles County Superior Court in case number 22HWMH00249, in which "it was determined by de[]facto" that Plaintiff's "rights were to be restored because the date of prohibition was 2-8-2000 report number 701903323" but "the judge then stated this case is a federal matter due to the Dept. of Justice[] and its involvement with [Plaintiff's] restoration rights." (Jones I, Docket ("Dkt.") No. 1). Plaintiff also sought leave to proceed in forma pauperis ("IFP"). (Jones I, Dkt. No. 3).

On June 14, 2022, the Court denied Plaintiff's IFP request and dismissed Jones I, explaining that "[i]t is apparent from the Complaint that this action is frivolous and lacks any plausible basis for relief in this Court and that granting leave to amend would be futile. Construing the Complaint liberally, the only discernible relief [P]laintiff appears to seek is the restoration of his civil rights [to possess a firearm], which is beyond this Court's power." (Jones I, Dkt. No. 5). Plaintiff did not appeal.

On January 31, 2023, in United States District Court for the Central District of California case no. 23-0731-FLA (JC) ("Jones II"), Plaintiff filed a two-page Complaint seeking restoration of his federal right to possess a firearm and also sought leave to proceed IFP. (Jones II, Dkt. Nos. 1, 3). On February 21, 2023, the Court denied Plaintiff's IFP request and dismissed Jones II for lack of jurisdiction and failure to state a claim. (Jones II, Dkt. No. 5). Plaintiff did not appeal.

On March 23, 2023, in United States District Court for the Central District of California case no. 23-2175-FLA (JC) ("Jones III"), Plaintiff filed a third Complaint seeking restoration of his federal right to possess a firearm and again sought leave to proceed IFP. (Jones III, Dkt. Nos. 1, 3). On March 28, 2023, the Court denied Plaintiff's IFP request and dismissed Jones III for the same reasons as Jones I and Jones II and also dismissed Jones III with prejudice because it was duplicative of Plaintiff's prior cases. (Jones III, Dkt. No. 5). Plaintiff did not appeal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02769-FLA-JC | Date | May 8, 2023 |
|---|---|---|---|
| Title | Schelton Jones v. People of Ca. | | |

Nevertheless, on April 13, 2023, Plaintiff paid the filing fee and filed the Complaint in the instant action, which again seeks restoration of his federal right to possess a firearm. (Dkt. No. 1 "Complaint" or "Comp."). In particular, Plaintiff's Complaint states he has worked as an unarmed security officer for five years and he would like to continue his career by advancing to become an armed guard. (Comp. at 1). Plaintiff applied for a firearm permit in 2018, but the Department of Justice denied his request because he was at a mental health facility for 72 hours "in late [1999] and early 2000." (Comp. at 1-2). Plaintiff alleges that after learning why his request was denied, he went to Superior Court, where the judge stated that Plaintiff's rights should be restored but "since the Department of Justice was involved [Plaintiff would] have to continue in federal court." (Comp. at 2). Plaintiff completed Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Form 3210.1, "Application for Restoration of Firearm Privileges" ("Application") and mailed it to the ATF, which responded:

> [A]lthough federal law provides a means for relief of firearm disabilities, since Oct. '92 ATF's annual appropriation has prohibited the expending of any funds to investigate or act upon applications for relief from federal firearms disabilities submitted by individuals. As long as this provision is included in the current ATF appropriations, the [B]ureau cannot act upon applications for relief from federal firearms disabilities submitted by individuals.

(Comp. at 2-3). Having received this letter, Plaintiff is "requesting a federal hearing" to consider his Application so that he can "have [his] right to own and/or possess a firearm restored." (Comp. at 1, 3).

Federal courts, which "'are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute[,]'" Gunn v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)); Home Depot U.S.A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019), "are under an independent obligation to examine their own jurisdiction. . . ." United States v. Hays, 515 U.S. 737, 742 (1995) (citation omitted); Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); see also Moore v. Maricopa Cnty. Sheriff's Office, 657 F.3d 890, 894 (9th Cir. 2011) (A federal court "is obligated to determine *sua sponte* whether it has subject matter jurisdiction."), cert. denied, 567 U.S. 919 (2012). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" (citation omitted)).

Here, Plaintiff requests the Court review his Application and restore his right to possess a firearm. However, as the Court has repeatedly explained to Plaintiff, 18 U.S.C. § 925(c) provides the only possible statutory mechanism for this Court to review Plaintiff's Application and restore his right to possess a firearm. Under Section 925(c), a "person who is prohibited from possessing . . . firearms or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02769-FLA-JC | Date | May 8, 2023 |
|---|---|---|---|
| Title | Schelton Jones v. People of Ca. | | |

ammunition may make application to the Attorney General for relief from the disabilities imposed by Federal laws[,]" and if the application is denied, the "person . . . may file a petition with the United States district court for the district in which he resides for a judicial review of such denial."  18 U.S.C. § 925(c).  However, Plaintiff's Complaint makes clear that the ATF has not denied Plaintiff's Application.  See United States v. Bean, 537 U.S. 71, 75-76 (2002) ("Inaction by ATF does not amount to a 'denial' within the meaning of § 925(c).  The text of § 925(c) and the procedure it lays out for seeking relief make clear that an actual decision by ATF on an application is a prerequisite for judicial review, and that mere inaction by ATF does not invest a district court with independent jurisdiction to act on an application.").  Absent such denial, this Court lacks jurisdiction to review Plaintiff's Application to restore his right to possess a firearm.  See Bean, 537 U.S. at 77 ("Th[e] broad authority of the . . . ATF[] to grant or deny relief, even when the statutory prerequisites are satisfied, shows that judicial review under § 925(c) cannot occur without a dispositive decision by ATF."); Burtch v. United States Dep't of the Treasury, 120 F.3d 1087, 1090 (9th Cir. 1997) ("[S]ection 925(c) privileges for individuals cannot be reinstated by the district court based upon ATF's failure to process the individuals' applications" and the district court properly held it lacked subject matter jurisdiction over the plaintiff's action to have his federal firearms privileges restored); United States v. Caulley, 2021 WL 858752, *2 (S.D. Ohio 2021) ("[T]he Court cannot grant the firearms disability relief that Caulley seeks because it lacks subject matter jurisdiction to do so." (citing Mullis v. United States, 230 F.3d 215, 215-16 (2000))); Von Drake v. United States, 441 F. Supp. 2d 779, 781 (E.D. Tex. 2006) ("A court cannot review an original application to remove firearm disabilities." (citing United States v. McGill, 74 F.3d 64, 66 (5th Cir.), cert. denied, 519 U.S. 821 (1996))).

      Accordingly, IT IS THEREFORE ORDERED that Plaintiff shall show good cause in writing, within fourteen (14) days from the date of this Order, as to why this action should not be dismissed for lack of jurisdiction.  Alternatively, if Plaintiff does not wish to proceed with this action, he may instead date, sign and return the attached dismissal notice by the foregoing deadline.

      **Plaintiff is cautioned that the failure timely to comply with this Order to Show Cause may result in the dismissal of this action for lack of jurisdiction, failure to comply with a Court Order, and/or failure to prosecute and that his failure to show good cause may result in the dismissal of this action for lack of jurisdiction.**

      IT IS SO ORDERED.

Attachment